```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/7/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
COBALT MULTIFAMILY INVESTORS I,
LLC, et al.,

        Plaintiffs,

    -against-

BRIDGE CAPITAL (USVI), LLC and,
EASTERN CAPITAL GROUP, LLC

        Defendants.
------------------------------------X

06 Civ. 5738 (KMW) (MHD)

ORDER

KIMBA M. WOOD, U.S.D.J.:

    Plaintiffs Cobalt Multifamily Investors I, LLC, and its related defunct entities, all of which are represented by a court-appointed receiver, filed this motion to enforce a court-approved settlement agreement entered into with defendant Eastern Capital Group, LLC ("Eastern"). Eastern concurrently moved to set aside the settlement agreement. By report and recommendation dated August 15, 2007 (the "Report"), Magistrate Judge Michael H. Dolinger recommended that the Court grant Plaintiffs' motion to enforce the agreement, and deny Defendant Eastern's motion to set aside the agreement.

    The Report informed the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b), in conjunction with Rules 6(a) and 6(e), of the Federal Rules of Civil Procedure, they had ten days from the date of the Report to serve and file any objections. The Report also explicitly cautioned the parties that failure to file timely objections would waive appellate review.

No objections to the Report have been filed, and the time to object has expired. See IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993). Consequently, the parties cannot seek further judicial review of the magistrate judge's decision. See Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); accord Thomas v. Arn, 474 U.S. 140, 155 (1985) (upholding waiver rule when it incorporates "clear notice" as to the consequences of failing to timely file objections).

Reviewing the Report's conclusions, the Court finds them to be well-reasoned and free of any "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note; see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). The Court therefore adopts the Report.

Accordingly, the Court GRANTS Plaintiffs' motion to enforce the agreement, and DENIES Eastern's motion to set aside the agreement. As the Report correctly concludes, the receiver is entitled to payment of $125,000.00, together with interest calculated under N.Y.C.P.L.R. §§ 5001-5004. Prejudgment interest shall run at the statutory rate of nine percent, with an appropriate starting date of February 12, 2007. See id.

By October 3, 2007, counsel are directed to confer with each other on the issue of reasonable attorneys' fees, to which the receiver is entitled, on behalf of Plaintiffs, under the settlement agreement. If the parties are unable to reach an

agreement by that date, they shall jointly submit a letter to the Court stating their respective positions, and citing applicable law.

    SO ORDERED

Dated: New York, New York
~~August~~ September 6, 2007

_/s/ KWood_
Kimba M. Wood
United States District Judge